STANDARD LIFE & ACCIDENT INS. CO. OF DETROIT, MICH., v. McNULTY.*

(Circuit Court of Appeals, Eighth Circuit. November 16, 1907.)

No. 2,597.

1. INSURANCE—ACCIDENT INSURANCE—CONSTRUCTION OF CONTRACT.

An agreement to insure one against bodily injuries, except injuries sustained while entering or leaving, or trying to enter or leave, any moving conveyance, and except injuries fatal or otherwise caused by intoxicants, anæsthetics, etc., excepts from the promised indemnity fatal injuries sustained while trying to enter a moving passenger car.

[Risks and causes of loss under accident insurance policies, see note to National Acc. Soc. v. Dolph, 38 C. C. A. 3.]

2. SAME—CONTRACTS CONSTRUED LIKE OTHER CONTRACTS.

Agreements of insurance are to be construed like other contracts, according to the sense and meaning of the terms which the parties use, taken in their plain and popular sense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 292.]

3. SAME.

The natural and obvious meaning of the terms of a contract must be preferred to any curious hidden sense evolved by the ingenuity of a trained and acute intellect and the exigencies of a hard case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 292.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Henry J. Hersey (Arthur Ponsford, on the brief), for plaintiff in error.

R. S. Morrison (Emilio D. DeSoto, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. This writ of error was sued out to reverse a judgment against the insurance company and in favor of the beneficiary named in one of its tickets or policies, upon the pleadings which disclosed these facts:

McNulty, the insured, died from injuries which he sustained while he was trying to enter a moving car in which he was a passenger on his way from Los Angeles to Denver. The second sentence of paragraph D of the policy provides that this insurance shall not cover "injuries sustained * * * while entering or leaving, or trying to enter or leave, any moving conveyance," and in many other situations. The next sentence reads "this insurance does not cover any injury fatal or otherwise received while, or in consequence of, being or having been, under the influence of or affected by, or resulting directly or indirectly, wholly or partly, from intoxicants," and various other causes. Counsel for the plaintiff below contended, and so the court adjudged, that fatal injuries were excluded from the meaning of the word "injuries" in the former sentence, because the latter sentence expressly

*Rehearing denied January 11, 1908.

included injuries fatal or otherwise. The contention was, and is, that all the terms of a contract should be given effect, and that the words "fatal or otherwise" in the second sentence have no effect if the word "injuries" in the preceding sentence includes injuries that are fatal as well as those that are not. The argument seems to be fallacious. The words "fatal or otherwise" were not used to qualify or affect the injuries described in the former, but those specified in the latter sentence, in the sentence in which they were written only. They were inserted in this sentence to make it clear beyond question that all injuries, whether fatal or otherwise, resulting from intoxicants, and the other causes there specified were not covered by the insurance. They accomplish this purpose, and have their intended effect just as completely whether the word "injuries" in the preceding sentence is interpreted to include all injuries, or only those that are fatal, or those that are not fatal, only.

It is obvious that there are two classes of injuries. Those that are fatal, and those that are not fatal. The word "injuries" is a generic term, and it naturally includes injuries of both classes, because no one of either class is not an injury. Again the word is known by its associates and by the sense in which it is used in other parts of the same contract or in similar agreements. The first sentence of the policy reads that the company "hereby insures the person whose name is entered upon the stub of this ticket * * * against loss of time resulting from bodily injuries * * *"; (A) to the amount of $2,500 if death results from such injuries within 90 days; (B) to the amount of $12.50 per week for 26 weeks, if such injuries should wholly disable the insured during that time, and if such injuries shall not so disable him, but they prevent him from performing some daily duty, then to the amount of $2.50 per week for 10 weeks, if the disability continues so long; and (C) if such injuries are sustained by reason of the wrecking of a passenger car operated by steam, electricity, or cable, while the insured is actually within it riding as a passenger, then to double the amounts specified in classes A and B. It is clear that the word "injuries" in the first sentence of the policy which specifies the risks against which the insured is indemnified includes both those that are fatal and those that are not so, for the amount of the indemnity for the former is specified in class A and the amount for the latter in class B. There can be no doubt that the word "injuries" in clause C includes both classes, for that clause expressly provides for double the indemnity previously specified for such injuries whether that indemnity was prescribed for fatal injuries by clause A or for those that were not fatal by clause B. And then comes clause D, which, after asserting that the policy does not insure certain persons, declares that "this insurance does not cover disappearance or any injury of which there is no visible mark of violence appearing upon the body of the insured (the body itself, in case of death, shall not be deemed such mark), or injuries inflicted upon the insured by himself, or by another person, * * * or injuries sustained * * * while entering or leaving, or trying to enter or leave, any moving conveyance, * * * or from firearms of any kind, or from fireworks, or from explosives." The word

157 F.—15

"disappearance" undoubtedly includes disappearance by death or otherwise. The next clause clearly includes injuries that are fatal as well as those that are not, for it expressly treats of the body in case of death. And under the rule noscitur a sociis, and by the natural and obvious signification of the word, the injuries sustained while trying to enter or leave any moving car seem to mean both those which prove fatal and those which do not.

Counsel for the plaintiff invoke the familiar rule that a policy of insurance should be construed favorably to the insured in cases of doubt or ambiguity. But this rule ought not to be permitted to have the effect to make a plain agreement ambiguous, and then to interpret it in favor of the insured. "Contracts of insurance like other contracts are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense." Imperial Fire Ins. Co. v. Coss County, 151 U. S. 452, 463, 14 Sup. Ct. 379, 38 L. Ed. 231; Fred J. Kiesel & Co. v. Sun Ins. Office of London, 31 C. C. A. 515, 88 Fed. 246; Liverpool & London & Globe Ins. Co. v. Kearney, 36 C. C. A. 265, 270, 94 Fed. 314, 319; McGlother v. Provident Mutual Accident Co. of Philadelphia, 32 C. C. A. 318, 322, 89 Fed. 685, 689; Atlas Reduction Co. v. New Zealand Ins. Co., 71 C. C. A. 21, 23, 138 Fed. 497, 499, 9 L. R. A. (N. S.) 433.

The natural obvious meaning of the provisions of a contract should be preferred to any curious hidden sense which nothing but the exigencies of a hard case and the ingenuity of a trained and acute intellect would discover. Delaware Ins. Co. of Philadelphia v. Greer, 57 C. C. A. 188, 193, 120 Fed. 916, 921, 61 L. R. A. 137. The reasonable and probable meaning of a stipulation in an agreement should be preferred to one that is irrational and improbable. Pressed Steel Car Co. v. Eastern Ry. Co. of Minnesota, 57 C. C. A. 635, 637, 121 Fed. 609, 611. It is certain that the parties to this contract excepted from the indemnity it promised, injuries sustained while the insured was trying to enter a moving car. No reason occurs to us why they should except injuries thus sustained that were not fatal, and promise indemnity for those that were fatal, and such a construction of the contract would be unreasonable and would make an improbable agreement. The obvious and ordinary meaning of the word "injuries" is all injuries, whether fatal or not, and where the words of a contract are clear, and their common meaning is plain, there is no room for construction. In the light of these established rules of interpretation the fatal injury to the insured, which he sustained while he was trying to enter a moving car, was excepted from the indemnity promised by the terms of his policy.

The judgment below must be reversed, and the case must be remanded to the Circuit Court for further proceedings not inconsistent with the views expressed in this opinion, and it is so ordered.