Coös,
June 5, 1917.

### JOHN GAGNE v. MASSACHUSETTS BONDING AND INSURANCE COMPANY.

One who accepts a policy of insurance is presumed, in the absence of fraud, to have knowledge of the terms, conditions and limitations contained therein, and in an action on the policy he cannot recover except according to its terms.

ASSUMPSIT, to recover for sick benefits upon an insurance policy issued by the defendants to the plaintiff. Upon an agreed statement of facts, which are sufficiently stated in the opinion, the court, *pro forma*, found a verdict for the plaintiff and the defendants excepted. Transferred from the December term, 1916, of the superior court by *Chamberlin*, J.

*Ovide J. Coulombe*, for the plaintiff.

*Goss & James* (*Mr. James* orally), for the defendants.

PARSONS, C. J. By its terms the policy expired on the first day of June, 1915, but was renewable from month to month at the election of the company by the payment of a monthly premium of $1.65 on or before the first day of each month, expiring in all cases upon the first of the month, if not renewed. The plaintiff paid the premium due September 1, but did not pay the October premium until October 27, two days after his illness began, October 25. He was insured against disability resulting from illness which was contracted and began during the life of the policy. As the policy was not in force when the illness began for which sick benefits are claimed, unless the payment and acceptance October 27 of the monthly premium for October restored the policy and gave it life from October 1, the plaintiff cannot recover. The effect of such payment and acceptance depends upon the agreement or understanding of the parties. It is to be given the effect they agreed it should have.

The policy provided that "if default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium . . . shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance." In

this provision the policy follows the statute.    Laws 1913, *c.* 226, *s.* 3 (3) (C):—3.    In the absence of fraud one who accepts a policy of insurance is presumed to have knowledge of the terms, conditions and limitations therein contained.    *Johnson* v. *Company,* 73 N. H. 259.    In a suit on the contract the plaintiff must recover according to its terms.    *Anderson* v. *Insurance Co.,* 75 N. H. 375, 377. Recovery, therefore, cannot, by the terms of the written contract, be had for an illness beginning October 25, by virtue of a premium payment October 27.    To recover, the plaintiff must show a new contract creating such liability,—one establishing such liability by express terms, or by implication from circumstances, or by estoppel. The only evidence offered is the payment and acceptance of the July premium on July 16, and of the August premium on August 13.    But there is no evidence that either of these premiums was paid or accepted except in accordance with the terms of the policy and the statute, or that the plaintiff understood otherwise.    The facts stated failing to establish liability, the verdict ordered is set aside.

*Exception sustained: judgment for the defendants.*

All concurred.