### BARNETT v. TRAVELERS' INS. CO. OF HARTFORD, CONN.

Circuit Court of Appeals, Eighth Circuit.
April 9, 1929.

. No. 8308.

William R. Gentry, of St. Louis, Mo. (M. F. Watts, of St. Louis, Mo., on the brief), for appellant.

Frank H. Sullivan, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, Eugene H. Angert, and James C. Jones, Jr., all of St. Louis, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

VAN VALKENBURGH, Circuit Judge. April 1, 1906, the Travelers' Insurance Company, appellee, issued to one Harry K. Barnett a policy of accident insurance whereby it insured him "against bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means (suicide whether sane or insane is not covered), as specified in the following schedule:

"Schedule of Indemnities.

"If any one of the following disabilities shall result from such injuries alone within ninety days from the date of accident the Company will pay in lieu of any other indemnity.

| Part A. Single Payments. | In One Payment. |
|---|---|
| For Loss of Life.................. | The Principal Sum |
| For Loss of Both Hands by severance at or above the wrist.. | The Principal Sum |
| For Loss of Both Feet by severance at or above the ankle.. | The Principal Sum |
| For Loss of One Hand at or above the wrist and One Foot at or above the ankle (by severance) ......................... | The Principal Sum |
| For Loss of Entire Sight of Both Eyes, if irrecoverably lost..... | The Principal Sum |
| For Loss of Either Hand by severance at or above the wrist... | ½ of Principal Sum |
| For Loss of Either Foot by severance at or above the ankle.. | ½ of Principal Sum |
| For Loss of Entire Sight of One Eye, if irrecoverably lost...... | ½ of Principal Sum |

"The Payment in any such case shall end this policy."

The principal sum of the policy in the first year was $5,000, and with 5 per cent. increase annually for ten years it amounted to $7,500.00. It was in full force and effect

by renewal on the 26th day of August, 1925. On that day the insured suffered an accident which ultimately resulted in his death. In an operation upon the nose of decedent the operator cut into an artery which was found in an unexpected place, due, perhaps, to a previous operation upon the septum. This accident resulted in recurring hemorrhages, from one of which death ensued on the 28th day of November, 1925. Other clauses in the policy material to this discussion are the following:

"**Part D. Special Indemnity.**

"If the death of the Insured shall be caused by sunstroke, effected through external, violent and accidental means, independently of all other causes, within ninety days from the date of exposure, the Company upon proof thereof, will pay the Original Principal Sum provided hereunder for fatal bodily injuries.

"**Part E. Surgical Benefits.**

"If injuries covered by this Policy shall within ninety days from the date thereof necessitate an operation named in the Schedule of Operations, by a surgeon, the Company will pay as specified in the Schedule, in addition to the indemnity herein provided, but such payment shall not be made for more than one operation as the result of any one accident. If injuries are sustained, which shall not result in death or other disability, but which shall require surgical treatment other than specified in the Schedule of Operations, the Company will pay the amount actually expended for such treatment, but not exceeding the single indemnity for one week.

"In event of death the principal sum insured shall be paid to Mrs. Sarah B. Barnett (wife) (the Beneficiary) if surviving, otherwise to the executors, administrators, or assigns of the Insured."

Appellant brings suit for the principal sum of $7,500. For answer appellee filed a general denial. Its defenses are twofold: (1) That death was the result of accident and pre-existing disease in combination, and therefore not within the terms of the policy; (2) that death did not occur within such period as to be covered by the policy. We find it unnecessary to consider the first of these defenses.

It is contended by appellant that death is not a "disability," and therefore that the provision of the policy limiting liability to death within 90 days of the accident does not apply. She relies for recovery upon the later clause, to wit, "in event of death the principal sum insured shall be paid to Mrs. Sarah B. Barnett (wife) etc." It is obvious that this last clause has relation only to the designation of a beneficiary. It is not declaratory of the conditions of liability. If, then, the clause first above quoted does not govern, there is no provision in the policy covering death except through sunstroke.

It is true that, as declared by the Supreme Court of Missouri (Bellows v. Travelers' Ins. Co., 203 S. W. 978), "this provision is a solecism." It is not strictly accurate to characterize death as a disability, but it is in this sense, undoubtedly for economy of language and space in the policy, that provision was made for indemnity in case of death. There is no uncertainty as to the meaning intended. In a later clause we find this expression: "Death or other disability." As said in Interstate Business Men's Accident Association v. Dunn, 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333: "The association had the right in any clause of its policy to give well-understood words a broader meaning than their natural and ordinary import would imply, by specifying what meaning they should have in the contract or what acts they should include, and this is what the association did in its insuring clause."

This was concededly a policy limiting indemnity for the death or other disability mentioned, to occurrence within ninety days of the accident. In this case that limit was exceeded by four or five days. This court has sustained a similar clause in accident policies and has limited the recovery accordingly. McKinney v. General Accident Co., 211 F. 951. It is there said: "Where the terms of a contract are unambiguous and their meaning is plain, they must be held to mean what they clearly express, and no room is left for construction."

See also the holdings of this court in the following cases: Hawkeye Commercial Mens' Association v. Christy, 294 F. 208–213, 214; New Amsterdam Casualty Co. v. Fire Ins. Co., 4 F.(2d) 203–208; Commonwealth Casualty Co. v. Aichner, 18 F.(2d) 879.

The contention that appellee has waived this defense by the mere filing of a general denial is without merit. It was incumbent upon appellant to plead facts sufficient to bring her within the terms of the policy. In so doing she disclosed that death occurred beyond the limit fixed in the policy contract. In such case, it was neither necessary nor required that appellee should repeat in its answer.

The judgment is affirmed.