## GORMAN v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 9224.

Circuit Court of Appeals, Eighth Circuit.

Jan. 14, 1932.

Rehearing Denied Feb. 19, 1932.

See, also, 38 F.(2d) 590.

Henry H. Oberschelp and Henry E. Haas, both of St. Louis, Mo., for appellant.

Wayne Ely, of St. Louis, Mo., for appellee.

Before VAN VALKENBURGH, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, as plaintiff brought this action against the appellee upon an accident insurance policy issued by the appellee. The parties will be referred to as they were designated in the lower court. The defendant issued an accident insurance policy on February 1, 1925, to John P. Gorman, insuring him against accidental injury or accidental death for a period of one year from that date. On February 1, 1926, this policy was renewed and the insurance thereby extended to February 1, 1927. On December 31, 1926, one month before the expiration of the renewed policy, the insured fell upon the front steps of his home and suffered a fracture of the left fibula, a dislocated ankle, and a frac-

ture of the astragalus or proximal bone of his left foot. He was immediately taken to a hospital in St. Louis, Mo., where, on January 22, 1927, his leg was placed in a plaster of paris cast. When he later left the hospital, he was still wearing this cast. Instead of returning to his home at 3216 Greer avenue, St. Louis, Mo., he moved to a room in the Missouri Hotel at Eleventh and Locust streets in St. Louis, which was about two blocks distant from his place of business. His leg was kept in the cast until the latter part of March or the first of April, 1927, and he remained at the Missouri Hotel, but conferred with his business associates at his room in the hotel. On January 26, 1927, insured made application for renewal of his policy, but the insurance company declined to renew it at that time, and the policy, according to its terms, expired February 1, 1927. On April 14, 1927, Mr. Gorman fell asleep while smoking a cigarette in bed in his room at the hotel. The bed caught fire, and he received burns from which he died the following day. Some time in March, 1927, Mr. Gorman made a claim against the insurance company for the injuries sustained when he broke his leg, and the company at that time paid him $549.99 indemnity, and $112.50 operation fee, or a total of $662.48.

The policy named Leonora Gorman, insured's wife, as beneficiary, and after Mr. Gorman's death she brought this suit to recover the indemnity provided in the policy for death resulting from bodily injury through accidental means, and recovered judgment for $8,603.69. It was on that trial the theory of the plaintiff that when the insured offered to renew this policy and pay the premium, there was an absolute legal obligation on the part of the company to renew it. This court on appeal, however, held that the company was only obligated to renew it under conditions named, one of which was that the insured should be in "sound condition, mentally and physically," and that it appeared without dispute that the insured was not in such condition at the time he applied for a renewal of the policy, and hence the insurance company was not required to renew it. 38 F.(2d) 590, 591.

On this trial, plaintiff abandoned her previous theory, but contended that by the terms of the policy, the insured having had an accident on the 31st of December, 1926, while the policy was in full force and effect, and then within twenty-six weeks thereafter having had another accident from which he died, plaintiff was entitled to recover whether the policy had been renewed or not. The lower court did not adopt plaintiff's theory as to the construction of the policy, but directed a verdict for the defendant on all the issues.

There is no dispute as to the material facts, and there is in the final analysis but one question presented, viz.: Does article 3 of the policy, properly construed, mean that in the event the insured suffered an accident during the life of the policy, and after the policy expired but within twenty-six weeks from his first accident, is killed as the result of another accident, the insurance company was obligated to pay the principal sum of the policy to the beneficiary? This article is as follows: "Death. Article 3. If the Assured suffers total accident-disability, and if, during the period of disability, the Assured suffers death as the direct result of the bodily injury causing the said disability; or, if within twenty-six weeks from the date of the accident, irrespective of disability, the Assured suffers death as the direct result of a bodily injury, the Company will pay the Beneficiary the Principal Sum, and in addition the Weekly Indemnity for that part of the period between the date of the accident and the date of death for which no weekly indemnity has been paid."

It is urged by the plaintiff that the twenty-six weeks' clause provides insurance against the happening of two accidents, one sustained during the life of the policy, and another after the lapse of the policy, but within twenty-six weeks after the first accident, provided the second accident results in death. No precedents are cited in support of this contention, except it is argued that the provisions of the policy should be construed most strongly against the insurance company. It may readily be conceded that where an insurance policy is reasonably susceptible of two constructions, that construction should ordinarily be adopted which is more favorable to the insured. But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are unambiguous, the terms are to be taken in their plain, ordinary, and popular sense. Fidelity & Casualty Co. v. Gorman (C. C. A.) 38 F.(2d) 590; Schmitt v. Massachusetts Protective Ass'n (C. C. A.) 32 F.(2d) 61; Barnett v. Travelers' Ins. Co. (C. C. A.) 32 F.(2d) 479; Lincoln Natl. Life Ins. Co. v. Erickson (C. C. A.) 42 F.(2d) 997; Standard Life & Accident Ins. Co. v. McNulty (C. C. A.) 157 F. 224, 226.

The decisions of this court are in harmony with the elementary principle that

doubt and ambiguity in an insurance policy should be resolved in favor of the insured and against the insurer. It does not follow, however, that the terms of an insurance policy may be distorted from their natural meaning, or that the agreed liability of the insurer should be enlarged into one which only a new contract could have imposed, nor, indeed, that a court should indulge in scholastic subtleties to extend the rights of the insured. In the words of the late Judge Sanborn, referring to this rule of construction: "But this rule ought not to be permitted to have the effect to make a plain agreement ambiguous, 'and then to interpret it in favor of the insured." Standard Life & Accident Ins. Co. v. McNulty, supra.

Courts should not be "cunning and astute to evade, rather than quick to perceive and diligent to apply, the meaning of 'the words," as manifestly intended by the parties.

It is the law of this case that this policy expired February 1, 1927. We so held on the former appeal. Fidelity & Casualty Co. v. Gorman, 38 F. (2d) 590. It would seem to be elementary that no liability could possibly be incurred under this or any other contract after it had expired. The liability, if any, here must be bottomed on contract, and, certainly, no liability could arise under a contract, unless such liability had its inception while that contract was in existence. The accident resulting in the assured's death occurred more than ten weeks after the expiration of the policy. On the former appeal it was held without reservation, that the contract expired and terminated February 1, 1927—not for some purposes, but for all purposes. This became the law of the case, and we might properly rest this decision upon the law of the case as announced in our former decision.

■ But if the question were an open one, we do not think the policy susceptible of the construction sought to be placed upon it by the plaintiff. The policy contains many provisions, and the entire policy should be considered as a whole. It is first to be observed that as originally written, and before extended, it provided for indemnity against bodily injury sustained "during the term of one year." Each subsequent renewal extended and renewed the contract by which the company agreed to indemnify against "bodily injury sustained during the term of one year." The accident occurring December 31, 1926, did not result in death, and it was the only accident occurring while the policy was in existence. Throughout the policy it is apparent that the periods covered were limited by each renewal to one year. This policy contains a provision that if default be made in the payment of the agreed premium, the subsequent acceptance of a premium by the company shall reinstate the policy, "but only to cover loss resulting from accidental injury thereafter sustained," further indicating that the contract as written covered only accidental injuries received while the policy was in force. But referring to article 3, it is noted that under the first provision, recovery may be had if the assured suffers total accident-disability, and during the period of his disability suffers death as a direct result from the accidental injury causing the disability. Then follows the provision that: "If within twenty-six weeks from the date of the accident, irrespective of disability, the Assured suffers death as the direct result of a bodily injury, the Company will pay the Beneficiary."

It is observed that but one accident is mentioned, and that the first part of the article provides for liability if the assured, after suffering total accident-disability, and during the period of his disability, suffers death as a result thereof, while the second provides that if he suffers death as the result of the accident, even though he may not have suffered disability, still the company will be liable if the death occurs within twenty-six weeks from the date of the accident. So, here, if the assured had suffered death as the result of the accident occurring December 31, 1926, the beneficiary might have recovered under the first portion of this article, because he suffered disability. If, however, the accident had not resulted in disability, but within twenty-six weeks of its happening had resulted in death, still the beneficiary might have recovered. Such a construction gives effect to all the provisions of the article and does no violence to established legal principles.

The court properly directed a verdict for the defendant, and the judgment appealed from is therefore affirmed.