**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. AARON.**

**No. 7987.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1940.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, Whittemore & Motz, of Akron, Ohio, H. J. Crawford, of Cleveland, Ohio, G. B. Motz, of Akron, Ohio, and E. H. Chaney, of Cleveland, Ohio, on the brief), for appellant.

O. W. Naef, of Akron, Ohio (Naef & McIntosh, W. A. Woodling, and O. W. Naef, all of Akron, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

On May 31, 1927, appellant issued its policy upon the life of Charles T. Aaron in the sum of $10,000 payable upon death to his widow, Lula M. Aaron. On its first page the policy contained the following provision:

"* * * and In Event of Death from Accident the Society Agrees to Increase the Amount So Payable to—Twenty Thousand Dollars—upon due proof that the death of the Insured resulted solely from bodily injuries caused directly, exclusively and independently of all other causes by external, violent and purely accidental means, *subject to the terms and conditions contained on the third page hereof.*" (Italics ours.)

At the bottom of the first page is the notation:

"Double Indemnity for Fatal Accidents."
On the third page under the heading,—
"Privileges and Conditions.
Special Provisions Regarding
Double Indemnity and Total and
Permanent Disability.
Double Indemnity in Case of
Death from Accident"

was the following provision: "The increased amount of insurance as stipulated on the face hereof, in case of accidental death shall be payable upon receipt of due proof that the death of the Insured occurred while this policy was in full force and effect, and resulted solely from bodily injuries, caused directly, exclusively and independently of all other causes by external, violent and purely accidental means, *provided that death shall ensue within 90 days from the date of such injuries. * * *"* (Italics ours.)

On June 9, 1927, appellant issued a second policy upon the life of Aaron, similar to the first, except that the face amount was $15,000 and the double indemnity provision was $30,000.

Aaron was injured in an accident on October 19, 1935, and died as a result, on January 31, 1936, or more than 90 days from the date of his injuries. In this situation appellee-beneficiary sought by bill in equity,—(1) To have the 90-day provisions declared void as contrary to public policy; and (2) to secure the reformation of the policies so as to eliminate them altogether.

It was urged that these provisions were contrary to public policy because they tended to induce an insured to hasten his own death. The court so held, and further by its decree reformed the policies so as to eliminate the 90-day provisions.

■ We do not concur. The premiums were paid in Michigan and the policies were delivered there. They were therefore Michigan contracts and governed by the laws of that state. Mutual Life Ins. Co. of New York v. Cohen, 179 U.S. 262, 264, 21 S.Ct. 106, 45 L.Ed. 181. In Drinan v. Clover Leaf Casualty Co., 207 Mich. 677, 175 N.W. 176, similar provisions were held valid and we are bound by that decision. It is a matter for Michigan to determine, whether such clauses should be excluded from insurance policies upon the grounds of public policy [Northwestern Mut. Life

Ins. Co. v. Johnson, 254 U.S. 96, 100, 41 S. Ct. 47, 65 L.Ed. 155] and in the absence of any state statutory prohibition of them or any adverse court decision upon the ground that they are contrary to the public interests, we may go no further than to align ourselves with the Drinan case. That case has support upon substantial grounds in Barnett v. Travelers' Ins. Co., 8 Cir., 32 F. 2d 479; Kerns v. Aetna Life Ins. Co., 8 Cir., 291 F. 289; McKinney v. General Acc. Fire & Life Assur. Co., 8 Cir., 211 F. 951, and other cases cited in appellant's brief.

Further, we are of the opinion that the evidence was insufficient to support the decree of reformation. There is no claim of mutual mistake. The contention is that Aaron intended to contract for policies providing double indemnity for death by accidental means without regard to when the death occurred, and that, influenced by the fraud of appellant's agent, he mistakenly accepted the policies as written.

■ It is the general rule that, to authorize the reformation of written instruments, the decree must be supported by more than a mere preponderance of the evidence. The evidence must be clear, cogent and convincing, for there is always a strong presumption that the written instrument accurately sets forth the whole contract, and where fraud is charged he who asserts it has the burden of proving it by clear, unequivocal and convincing evidence because fraud is never presumed. This rule applies to the reformation of insurance policies as well as to any other written contract. It was said in Snell v. Atlantic F. & M. Ins. Co., 98 U.S. 85, 86, 90, 25 L.Ed. 52, that such evidence must be of the clearest and most satisfactory character. See also Equitable Life Assur. Soc. v. Johnson, 6 Cir., 81 F.2d 543, and Smith Bros. Properties Co. v. Aetna Life Ins. Co., 5 Cir., 62 F. 2d 43.

■ Tested by this rule, we think appellee's action fails. She was the principal witness in her behalf and was of course an interested witness. She testified that she and her husband knew Harbert, appellant's agent, in a social way; that he came to their home in May, 1927, at her husband's request to talk over insurance; that they discussed a $10,000 policy with double indemnity features; that Harbert stated that her husband should have double indemnity

because he was a travelling salesman; that the 90-day clause was not mentioned; and that after the discussion she and her husband decided to take a $10,000 policy.

Aaron, an employee of a manufacturing concern, had an office in Battle Creek, where he signed the application for the $10,000 policy on May 23, 1927. The only reference to double indemnity in the application is as follows: "The policy to be on the ord. life plan * * * with *(double accident) x.* * * * "

The policy was delivered to Aaron at his office on June 2, 1927, and Harbert took his note for the premium. We pass over the testimony of Harbert, witness for appellant, as to what occurred between Aaron and himself when the policy was delivered. We may assume, without deciding, that such testimony was in violation of the Compiled Laws of Michigan, § 14219. It is sufficient to say that the record is bare of any evidence that Aaron ever intended to apply for a policy carrying a double indemnity provision for death by accidental means without limitation as to when death should occur or that he was induced to believe that the policy as written carried such coverage. The 90-day clause was never the subject of discussion. Aaron took the policy home and showed it to appellee, who made a cursory examination of it and he afterwards placed it in a safety deposit box. For all that appears, it remained in the box until after the fatal accident, or for more than eight years.

As affecting the right of reformation, it is urged that Aaron was ignorant of its contents. But it was his duty to read it and to know what it contained. Lumber Underwriters v. Rife, 237 U.S. 605, 609, 35 S.Ct. 717, 59 L.Ed. 1140; Wagner v. National Life Ins. Co., 6 Cir., 90 F. 395, 407; Prudential Cas. Co. v. Miller, 6 Cir., 257 F. 418, 421. The law presumes, in the absence of fraud, that he did read it and was aware of its conditions and limitations. Couch on Insurance, Vol. 8, Sec. 2171, p. 7026; Gagne v. Mass. Bonding & Ins. Co., 78 N.H. 439, 101 A. 212. There was no evidence to refute this presumption nor to indicate that he was lulled into a failure to read it by any deception of Harbert or fraud of appellant. The application carried the warning that Harbert had no power to modify any contract on behalf of the Company. The policy was in the usual form and the evidence is that at no time did appellant ever issue a policy providing double indemnity without a 90-day limitation. Whether the form was sufficient to comply with certain Michigan statutes was excluded from consideration of the District Court and of this court by stipulation of the parties. This question was reserved for decision in the law action between the parties on the policies.

The facts with reference to the policy for $15,000 were in all respects similar to those above related, with the exception of its face amount, the date of its issuance, June 9, 1927, and of its delivery a day or two later, and with the further exception that there was no preliminary discussion in the presence of appellee regarding it.

We conclude that the evidence is insufficient to supplant the written contracts of the parties and they should stand as written.

The decree is reversed, and the bill dismissed.