CEASARE BASTA *vs.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN. and BANKS, JS.

If the terms of an insurance policy are plain and unambiguous, there is no room for the application of the rule that, where more than one construction is open, that which is most favorable to the insured should be adopted.

A policy of automobile liability insurance, issued in the name of a corporation engaged in the "jitney" business, and limited, by its terms, to coverage of such liability only as might be incurred while the car was being used for that business, will not be reformed by inserting therein the name of the individual who, with the knowledge of the insurance company, was the real owner of the car and who paid the premium, where such relief, even if granted, would be of no avail to the owner in securing him against liability for an accident which occurred while he was driving the car upon his own private business.

Basta *v.* United States F. & G. Co.

The mere fact that an insurer, under a policy indemnifying the owner of an automobile against liability, participated in the defense of an action brought against the owner by a third party, does not estop it thereafter to claim that the loss was not covered by the terms of the policy, provided it gave notice to the owner at the same time that it did not waive the benefit of such claim.

Argued January 24th—decided February 28th, 1928.

ACTION to reform a policy of insurance, in which the defendant was alleged to have agreed to indemnify the plaintiff against liability arising out of the operation of his motor vehicle, and to recover upon the policy as reformed, brought to the Superior Court in New Haven County and tried to the court, *Baldwin, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Ulysses G. Church* and *Albert W. Hummell,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

BANKS, J.   During the year 1921 and for some years previously, the plaintiff and twenty-one other individuals were engaged in the operation of jitneys over a route in the city of Waterbury, each owning and operating his own car.   Plaintiff's car was then registered in his individual name, and he carried liability insurance upon the car under a policy issued to him by the defendant.   In 1922, after the passage of certain legislation regarding the operation of public service cars and insurance upon the same, the public utilities commission refused to issue to the plaintiff and these other individuals a franchise permitting them to operate upon this route except on condition of incorporation.   The plaintiff and his associates thereupon filed a certificate of incorporation of The Northeastern

Transportation Company and that company received a certificate permitting it to operate upon the route in question. Plaintiff's car was registered for the year 1922 for public service operation in the name of The Northeastern Transportation Company. In March, 1922, the defendant issued a policy of liability insurance upon the plaintiff's car in the name of The Northeastern Transportation Company, which by its terms covered the liability of the insured only while the car was being used for public service. When this policy was issued, the plaintiff, though he had had his car registered in the name of The Northeastern Transportation Company, which alone had the right to operate it on this route as a jitney, still owned and operated the car as an individual, and also had it registered in his own name as a pleasure vehicle. That the defendant's agents knew when the policy was issued that the plaintiff was the owner of the car, and charged the premium upon the policy to him, is admitted by the defendant in its brief, though not found by the court. In June, 1922, the plaintiff, while operating his car for his own private purpose under his private markers, and not as a public service car and not upon the jitney route, became involved in an accident, as a result of which a judgment for a substantial sum was ultimately recovered against him.

The plaintiff claims that, upon these facts, he is entitled to a reformation of the policy by inserting his name as that of the party insured, and the defendant claims that the plaintiff cannot obtain equitable relief since his own conduct in this whole transaction was inequitable and fraudulent in the matter of his continued operation of his own car as a jitney without authority from the public utilities commission. Whatever might be the decision as to the plaintiff's right to a reformation of his policy, it would avail him nothing

unless, under the policy as reformed, he could recover as claimed in this action. The policy provides that it shall not cover any liability of the insured while the insured automobile is being used for other purposes than those specified in the schedule of statements of the policy, and in that schedule it is stated that the assured's occupation or business is jitney service and that the use to which the car is to be put is public service. This policy was issued to cover the liability of the insured in the operation of the car by him as a jitney driver in public service, and its terms specifically limit the liability to that incurred while the car is being so used. The terms of the policy being plain and unambiguous, there is no room for the application of the rule that where more than one construction is open, that which is most favorable to the insured should be adopted. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 135 Atl. 388. The plaintiff is not seeking to have the policy reformed with respect to these provisions regarding the use to which the car was to be put. At the time of the accident the plaintiff was not operating the car in the public service upon his jitney route, but was driving it under his private markers upon his personal business. It follows that the liability for which this action was brought was not covered by this policy and the plaintiff could not recover under it even though it were reformed as prayed for.

There is no merit in the claim that the defendant is deprived of its right to defend this action by reason of the fact that its attorneys appeared and defended the original action brought against this plaintiff, reserving all defendant's rights under the policy. In *DiFrancesco* v. *Zurich General A. & L. Ins. Co., Ltd.,* 105 Conn. 162, 134 Atl. 789, cited upon plaintiff's brief, the policy provided that the assured should give prompt written notice of any claim. No written notice

Basta *v.* United States F. & G. Co.

was given, but the defendant's adjuster was orally informed of the accident and thereafter performed services which could not reasonably be explained except upon the ground that the company had waived the failure to give a written notice. We held that the company could not annul the effect of such conduct by a mere assertion that it had not produced that result. It was the duty of the defendant under its policy to defend on behalf of the assured any suit brought against him whether groundless or not, and it could not with safety to itself have repudiated liability when the action against Basta was tried. Having clearly informed the assured that the appearance of its attorneys on his behalf was under a full reservation of its rights under the policy, and having performed no acts which were inconsistent with such reservation, the defendant has not waived its right to defend this action. An insurer is not estopped to set up the defense that the assured's loss was not covered by the contract of indemnity by the fact that the insurer participated in the action against the assured, if at the same time it gives notice to the assured that it does not waive the benefit of such defense. *Sargent Mfg. Co.* v. *Travelers Ins. Co.,* 165 Mich. 87, 130 N. W. 211, 34 L.R.A. (N. S.) 491; *Brown* v. *Gunderson,* 123 Minn. 303, 143 N. W. 795; *Mason-Henry Press* v. *Ætna Life Ins. Co.,* 211 N. Y. 489, 105 N. E. 826; *Gordon* v. *Massachusetts Bonding & Ins. Co.,* 229 N. Y. 424, 128 N. E. 204; *Humphrey* v. *Polski,* 161 Minn. 61, 200 N. W. 812; 36 Corpus Juris, 1078.

There is no error.

In this opinion the other judges concurred.