L. W. FLYTHE AND IRENE FLYTHE v. EASTERN CAROLINA COACH COMPANY AND AMERICAN FIDELITY AND CASUALTY COMPANY.

(Filed 23 June, 1928.)

1. **Negligence—Actions—Evidence—Court May Order Plaintiff to Have X-ray Taken for Evidence—Appeal and Error.**

The trial court has the inherent power to order the plaintiff, in a personal injury negligence case, to submit to having an X-ray taken of the alleged injured part to ascertain the extent of the damage complained of, as a matter to be exercised within his sound legal discretion, with due regard to the rights of both parties to the action, and in the absence of abuse thereof, his action is not reviewable on appeal.

**2. Same—Impeaching Witness.**

In an action by the wife to recover damages for an alleged negligent personal injury, a question asked the husband as to whether he had objected to the taking of an X-ray, has no impeaching effect as to his wife's testimony, and is properly excluded, and its exclusion is not held under the facts of this case for prejudicial error, as tending to impeach his testimony.

**3. Bus Lines—Indemnity Bonds—Liability of Surety.**

Where the surety on a bond indemnifying a public auto-bus service against liability for negligent injury, and the bond which is filed with the Corporation Commission under the rules provided by statute, limits the surety's liability to buses run on regular schedules between termini of the line, no recovery can be had against the surety by a person injured by the negligent driving of the bus on a special trip not covered by the terms of the policy of indemnity sued on.

APPEAL by defendants from *Schenck, J.,* at February Term, 1928, of GUILFORD. Modified and affirmed.

Action to recover damages for injuries caused by the negligent operation of a bus, on a State highway, resulting in a collision between said bus and an automobile.

The action was begun and tried in the municipal court of the city of High Point, before Teague, J., and a jury. From judgment rendered by said municipal court on a verdict sustaining the allegations of the complaint, and assessing damages which each of the plaintiffs is entitled to recover of defendants, both defendants appealed to the judge holding the Superior Courts of Guilford County. Their assignments of error were not sustained upon said appeal.

From judgment, affirming the judgment of the municipal court of the city of High Point, defendants appealed to the Supreme Court.

*Austin & Turner and Spruill & Olive for plaintiffs.*
*Gold & York and John W. Hester for defendants.*

CONNOR, J. Upon their appeal to this Court, defendants contend that the judgment rendered by the judge of the Superior Court of Guilford County, affirming the judgment of the municipal court of the city of High Point should be reversed, to the end that a new trial shall be had in said municipal court. They contend that there was error in the refusal of the judge to sustain their assignments of error, based upon exceptions taken by them at the trial in the municipal court. Their assignments of error, on the appeal to this Court, are restricted to exceptions pertinent, only (1) to the issue involving the amount which plaintiff, Irene Flythe, is entitled to recover for injuries to her person, and (2) to the issue involving the allegation in the complaint, which is

denied in the answers, that the bus, by the negligent operation of which said plaintiff was injured, was, at the time of its collision with the automobile, in which said plaintiff was a passenger, covered by the policy of insurance issued by the defendant, American Fidelity and Casualty Company. No exceptions taken by defendants relative to issues submitted to and answered by the jury, on the trial in the municipal court, involving the liability of defendant, Eastern Carolina Coach Company, to plaintiffs for their respective injuries, are referred to or discussed in the brief filed in this Court, on behalf of defendants. The evidence offered at the trial, tending to establish such liability, is plenary; there is no serious controversy, apparent on the record, as to the liability of said Coach Company, by reason of the negligent operation of its bus by its driver, on a State highway, to each of the plaintiffs—to the plaintiff, L. W. Flythe, for injuries to his automobile, and to plaintiff, Irene Flythe, for injuries to her person. The controversy is chiefly as to the nature and extent of the personal injuries sustained by the plaintiff, Irene Flythe, when the bus owned and operated by defendant Coach Company collided with the automobile in which she was riding as a passenger. There is no contention on defendant's appeal to this Court that there was error in the judgment of the Superior Court in overruling defendants' exceptions taken on the trial in the municipal court relative to the issue involving the amount which plaintiff, L. W. Flythe, is entitled to recover in this action as damages for injuries to his automobile.

It is alleged in the complaint that as the result of the negligent operation of the bus, on the State highway, causing the collision between said bus and the automobile, in which she was a passenger, the plaintiff, Irene Flythe, "was thrown violently forward, and to her right, and against the side of the Franklin automobile, resulting in painful and severe injury to the right hip of plaintiff, Irene Flythe, internally injuring the joints of the same," and that "from said injury she suffered great mental and physical pain, and that she has since suffered great mental and physical pain and anguish; and that from said injury she has been permanently injured, and will forever be disqualified and physically unable to work and enjoy life as heretofore." In their answers, with respect to this allegation, both defendants say that "they are advised and believe, and so allege, that the injury to Irene Flythe was negligible, and consisted principally of a bruise, and is in no manner permanent."

The complaint in this action and the answers thereto were filed in April, 1927. The action came on for trial at the September Term, 1927, of the municipal court of the city of High Point. After the jury had been empaneled, and before any evidence had been offered, defend-

ants moved the court to make an order requiring "the plaintiff, Irene Flythe, to submit to an X-ray examination by reputable physicians or surgeons, of competent skill, and indifferent as between the parties, to be appointed by the court, for the purpose of determining whether or not the injuries complained of by the plaintiff had been inflicted, said X-ray examination to be had at such time and place as may be fixed by the court." Prior to the term of court, at which the action was called for trial, the defendant, Eastern Carolina Coach Company, had filed a petition therein, praying the court to make an order to the same effect. In said petition it is alleged:

"2. That the plaintiff, Irene Flythe, in paragraph seven of the complaint, alleges that she had been injured in the sum of $25,000, and in her prayer demands judgment for said sum of $25,000, all of which this defendant denies upon information and belief.

"3. That this defendant is ignorant of the nature and extent of the injuries complained of; that upon information and belief defendant avers that plaintiff has apparently fully recovered, if she was ever injured; that the injuries (internal injuries to the hip bones) are latent and not perceptible to experts, and that the ends of justice require that the defendant be advised to what extent, if any, the said hip bones have been injured.

"4. That an X-ray examination of plaintiff, Irene Flythe, is material and necessary for the purpose of the trial of this cause and that such examination will subject the said plaintiff to no bodily injury, and the same can be made without any serious pain or danger to plaintiff.

"5. That plaintiff, through her counsel of record, has been requested to submit to an X-ray examination of the parts of her anatomy which she claims have been seriously and permanently injured, and plaintiff through her counsel has refused to submit to such an examination; that plaintiff, through her counsel, has also refused to give her consent to an order of this court for such an examination to be made by a reputable physician or surgeon of competent skill and indifferent between the parties, to be selected by this court.

"6. That the evidence which said X-ray examination would disclose can be acquired in no other way and that justice to the defendant cannot be done unless an X-ray examination of her can be had."

While this petition had been filed some months before the term of the court at which the action was called for trial, no order had been made with respect thereto; the petition was not called to the attention of the court until after the jury had been empaneled. The motion for the order, requiring plaintiff to submit to the X-ray examination, was then made and heard by the court for the first time. The motion was denied, and defendants excepted. Defendants on their appeal to this Court

assign as error the refusal of the judge of the Superior Court to sustain their assignment of error, based upon this exception, on their appeal from the judgment of the municipal court of the city of High Point to the judge of the Superior Court of Guilford County.

It has been generally held in other jurisdictions that a trial court has the power to require the plaintiff in an action to recover damages for personal injuries, to submit to an examination of his or her person by a physician or surgeon appointed or approved by the court, where the injury complained of is latent and not apparent, either as to its nature or as to its extent, and where the plaintiff has declined to submit to such an examination at the request of defendant. This power, however, cannot ordinarily be invoked by the defendant as a matter of right; it is to be exercised by the court in its discretion, and upon due consideration of all the facts and circumstances of each case. The power is denied in some jurisdictions, in the absence of a statute expressly conferring it, and prescribing the conditions under which it may be exercised. It is said that according to the view adopted by the greater number of jurisdictions, it is within the power of the court, in an action for damages for personal injuries, to require the injured person to submit to a physical examination for the purpose of determining the nature and extent of the injury. 17 C. J., 1052, sec. 357 *et seq.,* and cases cited. The refusal of the trial court to make an order for such examination, upon motion of defendant, is not ordinarily subject to exception, or reviewable on appeal.

In *Fleming v. Holleman,* 190 N. C., 449, where the plaintiff had testified that his leg was injured by the negligence of defendant, and had exhibited his leg to the jury, it was held by this Court that it was error for the trial court to refuse defendant's request that plaintiff be required to submit his leg to an examination by physicians and surgeons chosen by defendant, such examination to be made either before the jury or in a private room. It was said, however, that the right to such examination extended only to the injured member or part of the body, which plaintiff had voluntarily exhibited to the jury.

This Court has not heretofore been called upon to decide whether or not a trial court in this State has the power to require the plaintiff in an action to recover damages for personal injuries, to submit to a physical examination prior to the introduction of evidence by the plaintiff to sustain his allegations with respect to the nature and extent of his injuries. There is no statute in this State conferring such power upon a trial court, but we perceive no valid reason why such court does not have the inherent power, to be exercised in its discretion, with due regard to the rights of both plaintiff and defendant, to require the plaintiff in an action to recover damages for personal injuries, to submit to a

physical examination, when the request for such examination is season-
ably made, and when the court finds that justice to the defendant re-
quires that such examination be made.  Whether or not, in any case,
such examination shall be made with the X-ray, is for the court to
determine, after due consideration of the grounds of objection, if any,
made by the plaintiff.  Ordinarily, if an examination of plaintiff's
alleged injury by means of an X-ray is desired by defendant, and
plaintiff has declined to submit to such examination, defendant should
move the court for an order requiring plaintiff to submit to such exami-
nation, prior to the term of court at which the action stands for trial,
and such motion should be passed upon, and disposed of before the
action is called for trial.

In the instant case, there was no error in declining to allow defend-
ant's motion, which was not made until after the jury had been em-
paneled.  Conceding that the court had the power to allow the motion,
whether or not it should have been allowed in this case, was within the
discretion of the court.  The contention that there was an abuse of dis-
cretion cannot be sustained.  After plaintiff had testified, both as to
the nature and extent of her injuries, she offered in evidence the testi-
mony of physicians and surgeons, who had with her consent taken
X-ray photographs of her hip, and who exhibited these photographs,
without objection from the defendants, to the jury.  Defendants did not
renew their motion after the introduction of this testimony and the ex-
hibition of these photographs.  Physicians and surgeons, offered by de-
fendants as witnesses, were examined with respect to the X-ray photo-
graphs made of plaintiff's hip, by her physicians and surgeons.  .

There was no error in sustaining plaintiff's objection to the question
addressed to L. W. Flythe, her husband, as to whether he had advised
counsel for plaintiff, Irene Flythe, not to consent to an examination of
her hip by physicians and surgeons selected by defendants.  If this
question had been addressed to Irene Flythe, it would have been compe-
tent, and not subject to objection.  Her affirmative answer to the ques-
tion would have been competent as tending to impeach her; however, the
action of her husband, with respect to the request of defendants' counsel,
did not tend to impeach her.  Even if the question was competent, as
tending to impeach her husband, as a witness in her behalf, the ruling
of the court cannot be held prejudicial error.

The bus, owned and operated by defendant, Eastern Carolina Coach
Company, which collided with and injured the automobile owned by
plaintiff, L. W. Flythe, and in which plaintiff, Irene Flythe, was riding
as a passenger, was covered by a policy of indemnity insurance issued by
defendant, American Fidelity and Casualty Company.  This policy of
insurance was filed with the Corporation Commission of North Caro-
lina prior to the date of the collision.  It had been accepted by said

commission, as a compliance with its rules and regulations, as authorized by statute. It was stipulated in the policy that said bus should be used by its owner for carrying passengers on State highways in North Carolina, only on a fixed schedule, between fixed termini. At the time of the collision, the Eastern Carolina Coach Company was licensed to operate said bus on a fixed schedule, between Wilmington and Charlotte; however, it was authorized, also, to operate said bus on special trips. At the time of the collision the bus was on a special trip from Raleigh to Davidson College.

The liability of defendant, American Fidelity and Casualty Company, for damages resulting from injuries to person or property, caused by the negligence of its codefendant, Eastern Carolina Coach Company, was restricted by the terms of the policy to damages resulting from injuries caused while the bus was being operated only on a fixed schedule. All the evidence is to the effect that the collision which caused the injuries to the plaintiffs in this action, occurred while the bus was being operated by its owner, not on a fixed schedule, but on a special trip. There was error, therefore, in the refusal of the motion of the defendant, American Fidelity and Casualty Company, for judgment as of nonsuit, at the close of the evidence.

The judgment of the municipal court of the city of High Point that plaintiff recover of defendant, American Fidelity and Casualty Company, the amounts assessed by the jury as their damages, respectively, should have been reversed. There was no error in affirming the judgment of said court that plaintiffs recover of defendant, Eastern Carolina Coach Company, such damages. The judgment rendered by the judge of the Superior Court of Guilford County, upon defendants' appeal, from the judgment of the municipal court, should be modified in accordance with this opinion. As thus modified it is

Affirmed.