## WILLIAMS v. AMERICAN AUTOMOBILE INS. CO.

### No. 5895.

Circuit Court of Appeals, Fifth Circuit.
Nov. 24, 1930.

Rehearing Denied Dec. 19, 1930.

Wm. M. Cramer and Shelby S. Cox, both of Dallas, Tex., for appellant.

F. B. Walker and B. V. Thompson, both of Fort Worth, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

By its policy of insurance appellee insured the Morrison Supply Company against loss resulting from claims for damage caused by reason of the supply company's ownership or use of an automobile truck, subject to the limitation that the truck should be used only for "commercial purposes." The policy contained a clause which made the insurance also available to any person lawfully operating the truck with consent of the supply company; and provided, in the event of judgment being recovered by any claimant against the insured and execution being returned unsatisfied, that an action might be maintained by the judgment creditor against the insurance company, subject to the terms and conditions of the policy. While the policy was in force, the supply company's salesman and branch manager at Wichita Falls, Tex., lent the truck to Paul Barnett for the purpose of transporting a troop of Boy Scouts from Wichita Falls to the State Fair at Dallas.

Barnett, while driving the borrowed truck on the trip, ran it against and injured appellant, Williams. Appellant recovered judgment against Barnett in an action based upon negligence, and execution on the judgment was returned unsatisfied. Appellant then brought this action against appellee on the policy of insurance. Appellee defended on the ground that at the time of appellant's injury the truck was not being used for commercial purposes; and appellant by way of reply pleaded that appellee was estopped to assert the defense set up by it, alleging that it had agreed to defend the action against Barnett and had failed to do so. At the close of all the evidence the trial court directed a verdict and entered judgment for appellee. This appeal is taken on the ground

the issues involved should have been submitted to the jury.

The supply company was engaged in the business of selling at wholesale, among other things, supplies for waterworks, and used the truck in question to haul supplies from the freight depot to its warehouse and from its warehouse to places designated by its customers. The city of Wichita Falls was one of its customers. Barnett, who borrowed the truck, was chief clerk in the city waterworks department. He was also a scoutmaster to the Boy Scouts. Within a week after process was served on Barnett, W. J. Blunt, a representative of the appellee insurance company, called on Barnett for a statement of the facts relating to the accident to appellant. Barnett gave the requested statement, and after he had done so, Blunt stated that the insurance company was under no obligation to defend the suit against him. It is undisputed that Barnett agreed to this, and stated that he did not have the money with which to defend himself, had no property subject to execution, but that he regretted to have a judgment rendered against him, although he "did not see any other way out of it." There was a dispute as to what was said on the issue whether Blunt promised Barnett that appellee would defend the suit against him. Barnett at first testified that Blunt agreed for the insurance company to defend that suit, but he later qualified that statement by saying that such was his understanding. Blunt testified that he told Barnett the insurance company would have an answer filed for him, which would prevent a default judgment being taken on appearance day, but would do nothing more in defense of the pending lawsuit. Blunt was corroborated by Meissner, branch manager of the supply company. Barnett made no further defense, and the action against him went to trial undefended.

That the truck was not being used for commercial purposes on the occasion of appellant's injury, we entertain no doubt. It was being used, not in the business of the supply company, but on a pleasure trip for the accommodation of Barnett and the Boy Scouts. The fact that Barnett was chief clerk in the waterworks department of the city to which the supply company sometimes sold goods does not tend to show a business or commercial use of the truck. The language of the policy is so restrictive that it cannot be stretched to cover the use of the truck in a manner wholly foreign to ordinary business and commercial purposes. Any in-

cidental benefit or good will that might result from its use in an attempt to curry favor with an employee of the city waterworks is too remote to support the inference that such use was for commercial purposes.

It may be assumed that appellee, if it agreed to defend the suit against Barnett and then failed to do so, would be estopped to assert the defense that the truck was not used for commercial purposes. American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; Oehme v. Johnson (Minn.) 231 N. W. 817. But we are of opinion that Barnett's testimony on the subject went no further than to give it as his understanding that the insurance company would not only file an answer but would also defend his case at the trial. Barnett did not testify positively that an agreement was made. On the other hand, the unequivocal testimony of two witnesses is that the alleged agreement to defend was not made. In this state of the evidence it would have been the duty of the court to grant a new trial if the verdict had been for appellant. It therefore was not error to direct a verdict for appellee. Barrett v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092. See also New York Life Insurance Co. v. Weaver (C. C. A.) 8 F.(2d) 680.

The judgment is affirmed.