## Stasko et ux. v. Smith

*James L. Colbert*, for plaintiffs; *Culbertson & Stuckenrath*, for defendant.

UTTLEY, P. J., March 23, 1932.—This action is for damages for personal injuries to Michael Stasko, husband of Mary Stasko, received in an automobile collision which occurred April 10, 1931.

The injuries alleged to have been sustained by Michael Stasko are a crushed fracture of the nasal bones and a fracture-dislocation of the fronto-malar joints.

The defendant through her counsel, on March 2, 1932. filed a motion for a rule upon Michael Stasko, the injured plaintiff, to show cause why he should not submit to a physical examination and X-ray photographs by physicians and roentgenologist, for the reason that such examination and photographs are essential to the proper trial of the case.

Counsel for both plaintiff and defendant have appeared to the rule without issue and service thereof and filed briefs with request to the court to rule upon the question involved.

The plaintiff concedes the right of the defendant to an order requiring the injured plaintiff to submit to a reasonable physical examination by physicians, but denies the power of the court to order the plaintiff to submit to an X-ray photograph.

The power of the court to direct a physical examination in a case of this kind is well settled in Pennsylvania. The defendant does not have a right to such examination as a matter of course. Whether it will be ordered is within the discretion of the court: Twinn *v.* Noble, 270 Pa. 500; Schroth *v.* Phila. R. T. Co., 280 Pa. 36.

There is no doubt of the right of the court when one sues for alleged injuries to the person to afford the defendant a proper opportunity to have a

physical examination by skilled medical men. Of course, the court cannot order a plaintiff to submit to such an ordeal against his will, but it can and when the ends of justice so require should refuse to permit the case to proceed until the plaintiff undergoes an examination: Cohen v. Phila. R. T. Co., 250 Pa. 15, 17.

We have found no case where either the Supreme or the Superior Court of Pennsylvania has passed upon the power of the court to order an X-ray examination. In Heilig v. Harrisburg Rys. Co., 35 Dauphin Co. Repr. 119, 123, Judge William H. Hargest, in dismissing an action for personal injuries, resulting in blindness, on the ground that the plaintiff's decedent before his death had refused to permit three drops of holocain, a local anesthetic, to be put in each eye, so that the eye could be examined by the use of a delicate instrument called a "tonometer," to determine the tension of the eye, said:

"Modern medical science is constantly developing. When the right of the court in its discretion to order a physical examination was first announced, X-rays were unknown. A number of cases have discussed the power of the court to require a plaintiff to submit himself to an X-ray examination. Originally, before science had sufficiently advanced to justify the courts in taking judicial notice that exposure to X-ray was not injurious to the subject, the courts hesitated to make such an order: Wittenberg v. Onsgard (1899), 78 Minn. 342, 81 N. W. 14, 47 L. R. A. 141. But it is now held that the courts may take judicial notice that the X-ray is in common use and that the science and art thereof have developed to a point where, in the hands of a specialist, there is little or no danger: Gilbert v. Klar (1928), 228 N. Y. Supp. 183; Brown v. Hutzler Bros. Co. (1927), 152 Md. 39, 136 Atl. 30, 51 A. L. R. 177.

"In Flythe v. Eastern Carolina Coach Co., 195 N. C. 777, 143 S. E. 865, 867, it is held that it is for the court to determine after due consideration of the grounds of objection, if any, made by the plaintiff, whether an X-ray examination should be held."

Again, on page 125 of the same case, Judge Hargest said:

"It rarely happens that we find a reported case that fits the case under consideration so well as the case of Brown v. Hutzler Bros. Co., 152 Md. 39, 136 Atl. 30, 51 A. L. R. 177, fits the instant case. In that case a rule was granted on the plaintiff to show cause why she should not submit to an examination and, after hearing, a final order was made requiring such submission before Dr. George E. Bennett. The plaintiff evidently declined to appear at Doctor Bennett's office. The defendant presented a petition including a request of Doctor Bennett that she appear because 'in all probability it may be necessary to take an X-ray.' The plaintiff's counsel refused to have her appear. It was then peremptorily ordered that she submit to a physical examination at the office of Doctor Bennett, and that unless she did, or show cause to the contrary, a judgment of non pros. would be entered. The plaintiff filed an answer. Later, the defendant filed its motion for a judgment of non pros., and thereupon a further order was made that she submit to a physical examination at the office of Doctor Bennett, and if he deem necessary he was to have an X-ray taken by Doctor Baetjer. The plaintiff refused, and final judgment of non pros. was entered and, upon appeal, sustained on the ground that the order was a reasonable exercise of the discretion of the court."

From the authorities above quoted, we are satisfied that we have the right to order the examination requested. The request is entirely reasonable, as the injuries of the plaintiff are such that an X-ray photograph of his head is necessary to disclose their real nature and extent. The counsel for the plain-

tiff admitted in his brief that the plaintiff has already had X-ray photographs of his head taken for his own use, so that a second photograph can be taken without danger to him and will not subject him to anything which he has not already experienced. The examination requested by the defendant can be made without risk at the Lewistown Hospital, where the court knows that the X-ray machines are of modern type and operated by skilled specialists. We, therefore, conclude that the request of the defendant for the physical examination and X-ray photographs of Michael Stasko, the injured plaintiff, by physicians and roentgenologists should be granted, and have accordingly made the following decree:

### Decree.

Now, to wit, March 23, 1932, it is ordered that the plaintiff, Michael Stasko, submit to a physical examination and X-ray photographs at the Lewistown Hospital in Derry Township, near Lewistown, Pa., on the following conditions: the time of the examination to be fixed by agreement of counsel or upon their failure to agree, by a subsequent order of the court; the examination to be conducted by physicians and expert roentgenologists, not exceeding three, selected by the defendant and in the presence of physicians, not exceeding three, selected by the plaintiff, and the counsel for both parties or their duly accredited representatives.