## FARM BUREAU MUT. AUTOMOBILE INS. CO. v. DANIEL et al.

### No. 4439.

Circuit Court of Appeals, Fourth Circuit.

June 12, 1939.

W. B. Timberlake, Jr., of Staunton, Va., for appellant.

Edward M. Hudgins, of Chase City, Va., and Thomas O. Moss, of Richmond, Va., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This suit to obtain a declaratory judgment as to the coverage of an automobile liability insurance policy, was held to be within the purview of the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400 in a previous decision of this court reported at 4 Cir., 92 F.2d 838. The question now at issue is whether the policy, which was issued on November 17, 1935, by the Farm Bureau Mutual Automobile Insurance Company, an Ohio corporation, to Daniel Motor Company, a copartnership, covered a Ford automobile truck of the firm on October 17, 1936 at the time of an accident in which two persons were killed. The suit was filed by the Farm Bureau Mutual Automobile Insurance Company against the firm and against representatives of the estates of the deceased; and the Home Indemnity Company of New York, which had also issued a policy of insurance covering the Ford truck, and had admitted liability thereunder for the accident, filed an intervening petition claiming that the Farm Bureau Company also was liable under its policy. The District Court held that the Farm Bureau policy also covered the accident, and this appeal followed.

For some years prior to October 17, 1936, the copartnership operated a garage, a Ford sales agency and automobile parts store, a farm and other incidental enterprises. The policy of the Home Indemnity Company was a garage liability policy that protected the partners against all claims for negligent injury or damage arising from the operation of any of the vehicles of the firm in the garage business, including the Ford truck; but the policy did not cover the truck while being used to haul auto parts for the store, or building material or farm produce.

The Farm Bureau policy in suit, on the other hand, furnished coverage for the truck for the last mentioned purposes. Under its terms the insured agreed "subject to the limits of liability, exclusions, conditions and other terms of this policy" to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of liability imposed upon it by law for damages because of bodily injury, including death, or because of injury to or destruction of property, caused by accident and arising out of the ownership, maintenance or use of the automobile. In addition to the insuring agreements, the policy contained certain other parts designated as application and statements for insurance, declarations and conditions, which limited the scope of the insuring agreements.

Paragraph V of the policy provided that it should apply only to accidents which should occur while the automobile was owned, maintained and used for the purposes stated, as applicable thereto in the declarations.

Item 6 of the declarations provided that the purposes for which the automobile was to be used were hauling auto parts, building material and farm produce. The same statement of purposes was contained in the application for the policy wherein the occupation of the insured was given as auto dealer and farmer, and no mention was made of the garage business.

With these provisions in mind, it is necessary to examine the undisputed facts with respect to the accident, and the purposes for which the insured truck was then being used. On October 17, 1936, an employee of the garage business conducted by the firm drove the Ford truck from the garage to the scene of an accident for use in connection therewith, particularly for the purpose of assisting the wrecking truck used in the garage business in getting a wrecked automobile out of a roadside ditch and bringing it to the garage. The Ford truck was often sent along on such an occasion to carry broken or dismantled parts of automobiles in distress, since the wrecking truck was equipped with a derrick, but had no body. When the Ford truck arrived at the scene of the accident the wrecked vehicle was pulled out of the ditch and loaded upon the wrecking truck; and certain articles, namely, a part of an automobile bumper from the wrecked car, a towing chain and rope, and one or two planks were gathered up and put into the Ford truck. The wrecking truck and the Ford truck then

set out on the return journey to the garage and on the way, it is claimed, the Ford truck was negligently driven so that it struck and killed two men.

■ It is clear from this recital that at the time of the accident the Ford truck was being used for the purposes of the garage business, which were not listed among the purposes declared by the insured in item 6 of the declarations of the policy. On the return trip to the garage the articles in the truck pertained to the garage business, and the truck itself was being used in that business. See General Tire Co. v. Standard Accident Ins. Co., 8 Cir., 65 F.2d 237. Compare Journal Co. v. Gen. Acc. F. & L. Assur. Corp., 188 Wis. 140, 205 N.W. 800. It is nevertheless contended that the truck was covered at the time of the accident by reason of the definition of the insured contained in paragraph III of the insuring agreements of the policy. This is the so-called omnibus clause of the policy whereby protection is extended not only to the named assured, but also to "any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further that the actual use was with the permission of the named insured." Reference is also made to paragraph 14 of the application wherein the insured agrees to notify the company of any change in occupation, address or uses of the car.

The conclusion is drawn from this language that the information in the application as to the name and address of the owner, description of the car and the uses to which it is put was required by the company for the purpose of identification and determination of the risk, and not for the purpose of limiting the risk; and, therefore, that the coverage extended to any use of the car within the description "pleasure and business" or "commercial".

We do not think that the policy is reasonably susceptible of this interpretation. The primary function of the omnibus clause was not to define the purposes to which the car was to be put, but to state the conditions under which the coverage would be extended to include not only the named insured, but also other persons while using the car with the permission of the insured. The condition of the extension was that the use of the car declared in the policy and the actual use thereof be "pleasure and business" or "commercial". In the pending case the declared use was not stated in general terms to include all purposes of business or pleasure, but was limited by item 6 of the declaration to particular kinds of business that did not include the operation of a garage; and the policy was limited in its application by the express terms of paragraph V to accidents sustained while the automobile was used for the purposes stated in the declarations. Moreover, the insuring agreement was limited by the conditions and terms of the policy. Only by eliminating these definite provisions from the policy would it be possible in our opinion to accept the broad terms of the omnibus clause as correctly describing the coverage. Incidentally, it may be noted that even this clause ran counter to the idea of garage liability insurance, for amongst other exceptions to the extension clause was the express provision that it did not apply to any person operating an automobile, repair shop or public garage with respect to any accident arising due to the operation thereof.

■ The declarations of purpose in the pending case were not confined to the application. They were inserted in the declaration in the body of the policy and they marked the boundaries of the risk which the insurer agreed to assume; and since the car was not used for the declared purposes at the time of the accident, it was not covered by the policy. It is generally recognized that an automobile is covered by an insurance policy only when it is being used for the purposes declared therein. Basta v. United States Fidelity & Guaranty Co., 107 Conn. 446, 140 A. 816; Flythe v. Eastern Carolina Coach Co., 195 N.C. 777, 143 S.E. 865; Williams v. American Automobile Ins. Co., 5 Cir., 44 F.2d 704.

■ The terms of the policy were not ambiguous, and therefore we have no occasion to consider the conflicting testimony, which was taken in the District Court, as to the purposes for which the policy was issued.

The decree of the District Court will be reversed and the case remanded so that a decree may be entered in conformity with this opinion.

Reversed and remanded.