AMERICAN INDEMNITY CO. v. CARNEY et al.

No. 1936.

District Court, E. D. Missouri, E. D.

March 1, 1944.

274

Wilbur C. Schwartz and C. O. Inman, both of St. Louis, Mo., and J. Weston Miller, of Springfield, Mo., for plaintiff.

L. H. Breuer, of Rolla, Mo., for defendants R. E. Carney, Ozark Garage Co. and James L. Doyle.

E. W. Allison, of Rolla, Mo., and Franklin E. Reagan, of St. Louis, Mo., for defendant Herrman Lumber Co.

HULEN, District Judge.

### Findings of Fact.

1. Plaintiff instituted this action under Federal Declaratory Judgment Act, 28 U. S.C.A. § 400, for determination of its liability under an automobile insurance policy issued by it.

2. Plaintiff is a nonresident corporation. Defendants are residents of the State of Missouri.[1] On March 10, 1942, plaintiff issued a policy of automobile liability insurance to R. E. Carney. The policy insured R. E. Carney against certain possible liabilities set forth in the policy resulting from use of four certain 1½-ton Dodge automobile trucks. Liability for bodily injuries was covered up to $5,000 for one person and $10,000 for each accident.

3. On the 25th day of May, 1942, while said policy was in effect, one of the trucks described in the policy was involved in a collision. At the time of the collision the truck was being driven by defendant Doyle. Prior to the collision the body of the truck had been removed and a trailer or semi-trailer attached. No insurance was carried on the trailer. The collision took place on Highway 66 in Laclede County, Missouri, at a point more than 50 miles from Rolla, Missouri. Two married women, Mrs. R. J. Swain and Mrs. A. B. Swain, were in the car with which the truck collided and received injuries that caused their deaths. The surviving husbands of each of the deceased women have instituted action for an aggregate sum in excess of $3,000 and plaintiff has been called upon to defend the claims and pay any liability determined to be due, resulting from the collision above referred to, under the terms of the policy issued by plaintiff to R. E. Carney.

4. R. E. Carney is a resident of Rolla, Missouri. He operates, either as owner, owner jointly with his wife, or controlling stockholder, the Ozark Garage Company, a hardware store, a hotel, a picture show, and a mining enterprise—all either in or in the vicinity of Rolla, Missouri. Ann Scovell is employed "as assistant, stenographer, bookkeeper, clerk" by Mr. Carney. The policy of automobile liability insurance in issue was arranged for by Ann Scovell. To obtain it, she called a Mr. Higley who is in the insurance business in Rolla.

Ann Scovell at the time of ordering the insurance told Mr. Higley—"she wanted some trucks insured"—and gave him the motor numbers of the trucks. At the time of ordering the insurance neither Mr. Carney nor Ann Scovell signed an application for the policy. If any written application was executed, it was done by Mr. Higley. At the time of ordering the insurance nothing was said by the insured Mr. Carney or anyone on his behalf about any truck being equipped with or to be equipped with and operated with a trailer. The description given and which appears in the policy was for four "1½-ton trucks", giving the year number, make as "Dodge", and motor number.

---

[1] Defendant Herrman Lumber Company secured a dismissal of the case on the pleadings and is no longer a party.

5. Mr. Higley operated a general insurance agency in Rolla. After being informed by Ann Scovell as to the trucks that were to be insured and being furnished the motor numbers of the trucks, Mr. Higley arranged with Bland & Company, an insurance agency in St. Louis, to place the insurance. Bland & Company placed the insurance with plaintiff and in due course the policy involved in this suit was issued. Neither Mr. Carney nor Ann Scovell instructed Mr. Higley with what company to write the insurance. Mr. Higley had never been appointed agent for plaintiff and had none of plaintiff's supplies.

6. Mr. Higley delivered the policy to Mr. Carney's place of business. Some time later, and prior to the accident, Mr. Carney noticed that the insurance was written in his name as "insured". Mr. Carney called Mr. Higley and informed him that title to the trucks described in the policy was in the Ozark Garage Company. Mr. Higley told Mr. Carney he would be covered under the policy.

7. Prior to the accident that gave rise to this litigation, Mr. Carney was solicited by the Herrman Lumber Company to make an "emergency" trip from Rolla, Missouri, to Springfield, Missouri, to haul a load of lumber. Pursuant to this request, Mr. Carney had the dump body taken from one of the 1½-ton Dodge trucks described in the policy of automobile liability insurance, and had a trailer attached to the chassis of the Dodge truck by means of a "home-made" fifth wheel applied to the frame of the truck. Mr. Carney was to receive $30 for each trip. At least two trips were made to Springfield with the truck with the trailer attached. The accident happened on one of these trips. The trailer had been used by Mr. Carney for hauling on other occasions in connection with one or more of his various enterprises. There is no evidence of knowledge on the part of plaintiff of such use prior to the accident.

8. The policy of automobile liability insurance issued by the plaintiff to defendant Carney contains an exclusion clause reading as follows: "This policy does not apply; (c) under coverage A and B while the automobile is used for the towing of any trailer owned or hired by the named insured and not covered by like insurance; or while any trailer covered by this policy or * * *".

Opinion.

It is the position of the plaintiff that under the terms of the automobile liability insurance policy issued to R. E. Carney, there is no liability in connection with the accident on the 25th day of May, 1942, in which Mrs. R. J. Swain and Mrs. A. B. Swain received injuries causing their deaths, because:

A. The policy excluded coverage while the truck was being used for the towing of any trailer not covered by like insurance;

B. The insured Carney misrepresented ownership of the trucks;

C. There was frequent use of the truck beyond fifty miles from Rolla.

At the time of the accident in which the Dodge truck was involved, the dump bed had been removed, a trailer or semi-trailer attached and the truck was being "used for the towing" of the trailer. The trailer was not covered by insurance or described in the policy. Was the truck and trailer as thus operating covered by the policy at the time of the accident?

 A rule of construction that may act as a guide in the situation here presented, was announced by the United States Circuit Court of Appeals for the Eighth Circuit in the case of Carpenter v. Continental Casualty Company, 95 F.2d 634, loc. cit. 639: "The contract must be considered and construed as a whole, and later provisions may be so clear and unambiguous that the court must give them effect and disregard prior general expressions. American Refining Co. v. Bartman, 8 Cir., 261 F. 661. The intention of the parties is not to be deduced from fragmentary parts. It is not permissible to divide this contract into separate parts for the purpose of creating ambiguity which does not exist when the contract is read and considered as a whole. As said by this court in Gorman v. Fidelity & Casualty Co., 8 Cir., 55 F.2d 4, 5: 'It may readily be conceded that where an insurance policy is reasonably susceptible of two constructions, that construction should ordinarily be adopted which is more favorable to the insured. But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are unambiguous, the terms are to be taken in their plain, ordinary, and

popular sense. * * * It does not follow, however, that the terms of an insurance policy may be distorted from their natural meaning, or that the agreed liability of the insurer should be enlarged into one which only a new contract could have imposed, nor, indeed, that a court should indulge in scholastic subtleties to extend the rights of the insured.' See also, Standard Life & Accident Ins. Co. v. McNulty, 8 Cir., 157 F. 224; Delaware Ins. Co. v. Greer 8 Cir., 120 F. 916, 61 L.R.A. 137; King v. New York Life Ins. Co., 8 Cir., 72 F.2d 620."

■ A. Here we have a contract with an exclusion clause providing' that the policy shall not apply to the automobile described in the policy, towit: the 1½-ton Dodge truck, while the automobile is being used for the towing of any trailer which is not covered by like insurance. There is no dispute that the automobile was towing a trailer at the time of the accident. There is no claim that the trailer was covered by insurance. Reasonable minds cannot differ as to the meaning of the provision in the exclusion clause, as to the applicability of the insurance when the automobile is used to tow a trailer. It is plain and unambiguous. It is in that part of the policy where one should look to determine the exceptions to the coverage. It is a valid and binding provision of the insurance contract. Unless the exclusion clause, with reference to the use of the automobile while towing a trailer, is nullified by other clauses of the insurance contract, the plaintiff is relieved from liability for any claim based on use of the automobile or truck while it was towing a trailer. ·

It is the defendants' position that other provisions of the insurance contract are in conflict with the exclusion clause referred to and show an intention of the parties that use of a trailer would not void the protection of the policy of automobile liability insurance. To this end able counsel for defendants argue that because the policy contract provides (Part III of insuring agreement) that when the automobile is used by "any person or organization, other than insured" that the insurance shall not apply, "if the automobile is being used with any trailer not covered by like insurance", that under this provision, "the policy is only inapplicable when the truck is being operated, (not by the assured or his agent, but) by any other person or organization other than the named insured".

We are unable to agree with defendants in this construction of the policy. The clause of the contract referred to is in harmony with the exclusion clause and its effect is to grant the same protection *with the same limitations,* whether the automobile described in the policy is being used by the insured or "any person or organization other than the named insured".

■ Next, defendants claim that the policy contract provides (part IV of the insuring agreement) that "such insurance as is afforded by this policy for bodily injury liability and for property damage liability with respect to the private passenger automobile applies also to a trailer not described in the policy while used with such automobile, if such trailer is designed for use with a private passenger automobile and is not a home, cabin, office, store, product or process display, demonstration or passenger trailer", and that this language "clearly contemplates the combined use of truck and trailer and does not prohibit same". It is the Court's opinion that this language of the policy contract relates specifically to the policy contract when written to cover "a private passenger automobile". The policy contract under consideration was written specifically to cover a 1½-ton truck—to be used for commercial purposes.

Defendants' third contention is based upon the provision of the policy contract (Section IV insuring agreement), that "when two or more automobiles are insured hereunder, the terms of this policy · shall not apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile *as respects limits of liability* * * *"·

■ We believe the language of this provision of the contract is plain and can only be construed to mean that in the event a trailer and motor vehicle are insured, that because the two pieces of equipment are attached together the limits of liability are not thereby doubled, but that insofar as "limits of liability" are concerned they remain the same as if the equipment consisted of one item alone. We find this same contention was made with respect to a policy contract containing similar language, in the case of Marx v.

United States Fidelity & Guaranty Co., 118 N.J.L. 262, 191 A. 789. In disposing of the assignment the Court said (loc. cit. 791 of 191 A.):

"It is argued by the plaintiff that the policy must be construed most strongly against the defendant insurance company because of its ambiguity about trailers; that section V. A. above quoted, that a trailer and the motor vehicle to which it is attached shall be considered together as one automobile, nullifies the provision in section IV (supra), as to towing a trailer not insured by the company. We find no merit in this argument.

"We have already cited section V. A. of the policy to the effect that the word 'automobile' means only a motor vehicle or trailer with reference to which the insurance under the policy is provided. This unquestionably means that the policy would cover an automobile and trailer only if the automobile and trailer are described in the coverage; or the trailer alone is so designated. But when the coverage, as in the instant case, describes only the automobile and the assured attaches a trailer to the automobile thus insured, the policy is ineffective while the automobile is operating under these conditions."

We are unable to find a case decided by the Missouri or Federal Appellate Courts where the exact point here in issue has been passed on. There are many cases construing insurance contracts that by analogy determine the issue here presented. In the case of Farm Bureau Mut. Automobile Ins. Co. v. Daniel et al., 4 Cir., 104 F.2d 477, loc. cit. 479, it was stated: "The declarations of purpose in the pending case were not confined to the application. They were inserted in the declaration in the body of the policy *and they marked the boundaries of the risk which the insurer agreed to assume;* and since the car was not used for the declared purposes at the time of the accident, it was not covered by the policy. It is generally recognized that an automobile is covered by an insurance policy only when it is being used for the purposes declared therein. Basta v. United States Fidelity & Guaranty Co., 107 Con. 446, 140 A. 816; Flythe v. Eastern Carolina Coach Co., 195 N.C. 777, 143 S.E. 865; Williams v. American Automobile Ins. Co., 5 Cir., 44 F.2d 704." (Emphasis added)

In the case now before the Court the policy contract marked the boundaries of the risk which the insurer agreed to assume and that boundary was plainly marked as not including the motor truck described in the policy, when it was being used to tow a trailer, if the trailer was not covered by like insurance. See also Williams v. American Automobile Insurance Co., 5 Cir., 44 F.2d 704.

In the case of Commercial Standard Ins. Co. v. Central Produce Co. et al., 42 F.Supp. 31, affirmed in 6 Cir., 122 F.2d 1021, the District Court of Tennessee passed upon the identical question here presented and held (loc. cit. 34 of 42 F. Supp.): "The Court further finds that the International tractor involved in the accident was at the time connected with a Frehauf trailer number 50.319, which trailer was expressly covered by the schedule attached to the policy. However, by reason of paragraph (B) under the heading 'exclusions', the fact that the trailer, although covered by the policy was used with a tractor not covered by the policy, the entire unit was, therefore, not covered by the policy."

In the case of Coolidge v. Standard Accident Ins. Co., 114 Cal.App. 716, 300 P. 885, it was held that the towing of a trailer, in violation of the terms of the policy contract, exempted the insurance company from liability under its policy for an accident while the automobile was being so used. We quote (loc. cit. 887 of 300 P.): "The evidence is uncontradicted to the effect that the accident occurred while the plaintiff was driving along the highway in his automobile to which a trailer loaded with sheep was attached. The towing of the trailer was in direct contravention of the specific terms of the policy. The express terms of the policy exempted the insurance company from liability when the insured automobile was used to propel or tow a trailer. The policy provided that the company shall not be liable for accidents occurring while the automobile was 'used for towing or propelling trailers or other vehicles used as trailers.' Liability for this accident is therefore specifically exempted by the terms of the policy." See also, Adams v. Maryland Casualty Co., 162 Miss. 237, 139 So. 453, where the Court made the same ruling on a like state of facts.

The reason for excluding coverage under the policy, to a truck when towing a

trailer, if the trailer is not covered with like insurance, is apparent. In the present case the exact measurements of the trailer attached to the truck do not appear in the record. Pictures of the trailer were offered. That the unit consisting of the truck with the trailer added was a distinct and separate unit from the truck without the trailer cannot be denied. The unit is over twice as long with trailer attached as without. It is a six wheel conveyance instead of four wheel truck, when the trailer is not attached. It is no longer a "1½-ton" truck. Recognizing the added hazard of attaching the trailer to a truck, plaintiff has provided for issuing policies under such circumstances, the premium for which would have been 25 to 50% additional over that which was charged. If defendant Carney had applied to plaintiff for insurance on the truck with trailer attached as it was assembled at the time of the accident, the policy now under consideration would not have been issued. Any policy that may have been issued would have described the truck and trailer and would have been issued, if at all, (plaintiff now claims it does issue policies on home-made trailers) at a premium of 25 to 50% higher than was paid for the policy here under consideration. No interpretation which this Court can legally put upon the policy can now enlarge it to cover what defendant failed to apply for and pay the premium for. Since the terms of the automobile liability insurance policy issued by plaintiff are plain and unambiguous insofar as coverage is concerned, should this Court compel plaintiff to assume a risk that is not covered by the contract and would not have been covered by the contract at the premium rate charged? If the Court were to extend the coverage in this case to cover the car while towing the trailer then by the same reasoning Carney could have insured the trailer for some 25 to 50% of the rate on the truck, left the truck uninsured and would have had full coverage while the trailer was being towed by the truck. The interpretation sought by the defendants is something the parties did not contract for.

■ B. Holding the views here expressed we do not deem it necessary to go at length into the remaining points urged by the plaintiff. We do not believe they are well taken. There is no evidence that the defendant Carney misrepresented ownership of the truck. There is no evidence that Carney ever represented that title to the truck was in his name. He informed the representative of the plaintiff, soon after the policy was delivered, that title to the trucks was not in his name. Carney is named as "insured" in the policy contract. There is nothing inconsistent with R. E. Carney being the insured, and not holding the title to the trucks. The various clauses and terms and provisions of the contract would seem to contemplate such a situation.

■ C. Neither do we think there is any merit in the claim that at the time of the accident the truck was being used beyond a point 50 miles from Rolla. There is no evidence of its regular or frequent use beyond the 50 mile limit. It is the regular use that is prohibited by the policy contract.

### Conclusions of Law.

1. The Court has jurisdiction of the case and suit for declaratory judgment is proper to determine the issues made by the pleadings and the evidence.

2. Under the provisions of the exclusion clause of the automobile liability insurance policy issued by the plaintiff the policy of insurance did not apply when the Dodge truck described therein was being used for the towing of a trailer.

3. Plaintiff is not obligated under the terms of its policy to the defendants or either of them for the payment of any damages nor has it any other obligation under said policy, in connection with any claim arising out of the collision between the Dodge truck, described in the policy, and the automobile driven by Mrs. R. J. Swain and in which collision Mrs. R. J. Swain and Mrs. A. B. Swain received injuries resulting in their death, which accident happened on the 25th day of May, 1942, on U. S. Highway No. 66, in Laclede County, Missouri, for the reason that at the time of the collision the Dodge truck was towing a trailer. Let proper decree be prepared, submitted and filed.